# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARK RISHER, | ) |
| Plaintiffs, | ) |
| | ) Case No. 17-cv-01497 |
| v. | ) |
| | ) Judge Sharon Johnson Coleman |
| NATIONSTAR MORTGAGE, LLC, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Plaintiff, Mark Risher ("Risher"), alleges that Defendant, Nationstar Mortgage, LLC ("Nationstar") violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681; the Bankruptcy Discharge Injunction under 11 U.S.C. § 524; and the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA"), 815 ILCS 505/1 et seq. Defendant now moves this Court to dismiss Plaintiff's Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, Defendant's Motion to Dismiss is denied.

## BACKGROUND

The following facts are taken as true for the purpose of ruling on this motion. On July 20, 2009, Risher obtained a mortgage from Bank of America, N.A. in the amount of $156,695 ("Loan"). The Loan was secured by Risher's primary residence at 22557 S. Carrie Ave, Channahon, IL 60410 ("Property"). Subsequently, the Loan was transferred to Nationstar Mortgage, LLC.

On September 30, 2015, Risher properly filed a Chapter 7 Bankruptcy petition in the United States Bankruptcy Court in the Northern District of Illinois. *See In re Risher*, No. 15-33520 (Bankr. N.D. Ill. Sept. 30, 2015). He listed the Loan and Nationstar, as the secured creditor for the Loan, in his bankruptcy petition. Risher included a Statement of Intention with his petition, stating that he wanted to "retain and maintain" the Property after the Chapter 7 proceedings. This choice is commonly known as a "ride-through" option. By law, the only ways for Risher to have retained the

listed Property following the bankruptcy discharge would have been to redeem it by paying Nationstar a lump sum, or to reaffirm the Property by entering into an agreement with Nationstar, where both the personal liability and debt would remain intact after the discharge was entered. Risher did not redeem or reaffirm the Loan with Nationstar.

On October 3, 2015, the Bankruptcy Court sent notice to Nationstar indicating the details of the creditors' meeting and other deadlines. On October 29, 2015, the Chapter 7 Trustee held a meeting with Risher's creditors, but Nationstar did not appear. On December 29, 2015, the Bankruptcy Court entered an Order of Discharge ("Discharge") in Risher's bankruptcy case. The Discharge stated that, "a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed." There was no indication that the Loan was excluded from the Discharge. The Discharge also directed that no creditor may attempt to collect from a debtor directly. Once a discharge has been entered, the Federal Rules of Bankruptcy Procedure requires the clerk of the court to mail a copy of the final order of discharge to the listed creditors. Fed. R. Bankr. P. 4004(g). On January 4, 2016, the bankruptcy case was closed and the Trustee was terminated.

Despite the Discharge, from April 2016 through November 2016, Nationstar sent Risher collection letters each month. Additionally, Nationstar placed 37 pre-recorded phone calls to Risher's landline phone and no less than five phone calls to his cellular telephone between July 2016 and the filing of this action. When Risher first received the calls in July of 2016, he advised Nationstar that he had filed Chapter 7 bankruptcy, received a bankruptcy discharge, and that they should not be contacting him personally. Nationstar denied having any record of the Plaintiff's Discharge.

During this time, Risher pulled his credit reports from Experian. He discovered his Nationstar account still showed the Loan as being in default. It also showed a high balance, a high past due amount, and a monthly payment amount due. The report did not indicate Risher's

2

Discharge.  So, on August 24, 2016, he sent Experian a dispute letter to inform it that the Loan had been discharged in bankruptcy court, and he directed a reinvestigation into the reporting of his Nationstar account.  He enclosed a copy of his Discharge and requested that this letter be sent to Nationstar with all other relevant information.  Risher alleges that Nationstar received a copy of his dispute letter, Discharge and all relevant information, from Experian, within five days of Experian receiving Risher's dispute letter.  Nationstar has offered no evidence to the contrary.

After Experian received the dispute latter, it reinvestigated Risher's Nationstar account.  On September 15, 2016, Experian sent him an updated consumer disclosure, reflecting Risher's monthly payments of varying amounts to Nationstar for the Loan from July 2015 through June 2016.  Additionally, on the same date Experian sent Risher the updated consumer disclosure, Risher learned that Nationstar had accessed his Experian consumer report on April 2, 2016 without his permission.  Nationstar accessed the report after Risher's discharge had been entered and his personal liability to Nationstar terminated, but before he requested that Defendant reinvestigate.  Defendants now move to dismiss Plaintiff's complaint for the infractions alleged above.

## LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint, not the merits of the allegations.  *Gardunio v. Town of Cicero*, 674 F. Supp. 2d 976, 983 (N.D. Ill. 2009) (Dow, J.).  Put differently, "[t]he issue involved is not whether the claimant is entitled to prevail, but whether the claimant is entitled to offer evidence in support of the claims." *Id.* (citation omitted).  When ruling on a motion to dismiss, a court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in a plaintiff's favor.  *Park v. Ind. Univ. Sch. of Dentistry*, 692 F.3d 828, 830 (7th Cir. 2012).  The allegations must contain sufficient factual material to raise a plausible right to relief.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 n. 14, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  A claim has facial plausibility when the

3

plaintiff pleads factual content that allows a court to draw the reasonable inference that a defendant is liable for the misconduct alleged. *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L. Ed.2d 868 (2009).

## DISCUSSION

*The Order of Discharge*

As a threshold issue, Defendant argues that Plaintiff has not plausibly alleged that the Loan was discharged. This Court disagrees.

In general, an Order of Discharge acts as an injunction against collecting debts, which arose prior to the bankruptcy petition being properly filed. *See* 11 U.S.C. § 524(a)(2). Once discharge is granted under 11 U.S.C. § 727, the creditors are no longer allowed to pursue the debtor on the debts personally unless the debt is exempted. *Johnson v. Home State Bank*, 501 U.S. 78, 83 (1991); *see* 11 U. S. C. § 524(a)(1). The Discharge here states, "no one may make any attempt to collect a discharged debt from the debtors personally…Creditors who violate this order can be required to pay debtors damages and attorney's fees."

Defendant argues that Plaintiff's invocation of the "ride-through option" invalidated the Discharge of the Loan. The Court is not convinced. The Seventh Circuit does not recognize the ride-through option as a viable remedy to retain the collateral Property after the bankruptcy proceedings. *Cf. In re Alvarez*, No. 10-B-28565, 2012 Bankr. LEXIS 790, at *13 (Bankr. N.D. Ill. Feb. 9, 2012); *In re Amoakohene*, 299 B.R. 196, 202 (Bankr. N.D. Ill. 2003) (holding that the exemption option for the retention of property can only enable a debtor to retain property over a secured creditor's objection under very limited circumstances—reaffirmation or redemption). Accordingly, since Risher's intent was not a valid remedy, his intention was ineffectual. Defendant has offered no evidence that a legally impossible choice actually invalidates the power of a discharge. Further, regardless of whether it was a valid choice or not, a ride-through would not impact the

4

effect of the Discharge. A Statement of Intention is a notice provision, which alerts creditors to the debtor's intentions for the debtor's real property once the discharge has occurred. *In re Gregory*, 572 B.R. 220, 231 (Bankr. W.D. Mo. 2017); *see also In re Crooks*, 148 B.R. 867 (Bankr. N.D. Ill. Jan. 5, 1993) (finding that § 521(a)(2), which requires debtors to file a Statement of Intention, is a procedural requirement). It puts creditors on notice so they may follow up with the debtor to ensure that debtor complies with their stated intent; however, failure to follow the Statement of Intention does not automatically cancel the effect of the discharge. *In re Amoakohene*, 299 B.R. at 209. Only through a reaffirmation agreement with a creditor could personal liability survive a Chapter 7 bankruptcy discharge. *Matter of Turner*, 156 F.3d 713, 718 (7th Cir. 1998). Even in circuits that recognize the ride-through option, courts have found that a bankruptcy discharge still absolves the petitioner of any personal liability for the listed debt. *In Re Schmidt*, 397 B.R. 481, 486 (Bankr. W.D. Mo. 2008).

As the facts do not support that Risher entered into a reaffirmation agreement with Nationstar prior to bankruptcy, there is no reason to believe the Discharge did not have its stated effect on the Loan. Further, Nationstar has not alleged that the Loan falls into any of the discharge exemptions enumerated under 11 U.S.C. § 523. Even in light of Risher's misguided Statement of Intention, this Court finds that the facts alleged support that the Discharge maintained its effect. Accordingly, it will proceed to evaluate the rest of the claims in light of this finding.

*Claims I, II, IV, and V*

Plaintiff alleges in Claim I that Nationstar, as a furnisher of information ("furnishers"), violated § 1681s-2(b) of the FCRA. In Claim II, Plaintiff asserts that Nationstar violated § 1681b(f) by requesting and receiving copies of his credit reports from Experian without his permission or for any permissible purpose under § 1681(b). Count IV alleges that Nationstar violated the Order of Discharge by sending him collection letters and placing phone calls to both his landline and cell

5

phone.  Lastly, Plaintiff's final claim, Count V, contends that that Nationstar violated the ICFA by attempting to mislead the Plaintiff into believing the loan was still owed, and attempting to collect on the loan by calling him numerous times and sending collection letters to him.

Nationstar's only arguments in opposition to the above claims are predicated on the assumption that the Loan was never properly discharged.  Given the above analysis finding facts to support the legitimacy of the Discharge, these arguments are moot.  Additionally, Nationstar has not raised any other bases for contesting the claims for this Court to consider.  The law is clear that cursory and undeveloped arguments are considered waived. *See United States v. Alden*, 527 F.3d 653, 664 (7th Cir. 2008) ("Because it is not the obligation of this Court to research and construct the legal arguments available to parties . . ., these [unsupported] arguments are waived and warrant no discussion.").  Accordingly, Nationstar's Motion to Dismiss Claim I, II, IV, and V are denied.

**Conclusion**

For the aforementioned reasons, Nationstar's Motion to Dismiss Plaintiff's Complaint is denied.

IT IS SO ORDERED.

ENTERED:  　　　　　　　　　　　　SHARON JOHNSON COLEMAN
　　　　　　　　　　　　　　　　　　United States District Court Judge

Dated: 3/22/2018